UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAM THANH DANG (A-025-025-825), | Case No. 2:26-cv-0597 DAD CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE GOLDEN STATE MCFARLAND DETENTION FACILITY, et al., | |
| Respondents. | |

Petitioner Lam Thanh Dang (A-025-025-825), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.)  Petitioner argues that his prolonged detention violates the Fifth Amendment due process clause (claim one), the government's third country removal policy violates the Fifth Amendment, the Convention Against Torture and various statutes (claim two), the government's third country removal policy is punitive banishment in violation of the Fifth and Eighth Amendments (claim three), and petitioner's continued detention violates the Fifth Amendment, 8 C.F.R. § 241.13 and the Administrative Procedure Act (claim four).  (Id. at 13-20.)  For the following reasons, this Court recommends that the petition be granted.

1

## I.     LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.     DISCUSSION[1]

On February 26, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On February 26, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 4 (citing N.D.N. v. Bondi, No. 1:25-cv-01587 DAD CKD, 2025 WL 3251102 (E.D. Cal. Nov. 21, 2025), Quan v. Bowen, No. 5:25-cv-02546 HDV PVC, 2025 WL 3691858 (C.D. Cal. Nov. 14, 2025).)  The district court directed respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction.  (Id.)  On March 2, 2026, respondents filed an answer to the petition.  (ECF No. 7.)  In the answer, respondents argued that while petitioner has a final removal order and his detention has exceeded six months, petitioner's removal was likely to occur in the next few months.  (Id. at 3-4.)  On March 3, 2026, the district court converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction.  (ECF No. 8.)  The district court found that in the answer,

---

[1] The factual and procedural background previously presented in the district judge's March 3, 2026 order is incorporated herein.  (See ECF No. 8.)

respondents argued that petitioner was subject to a final removal order and that, while he has been detained longer than the presumptively reasonable six-month period in post-removal proceedings, his removal to Vietnam is likely to occur in the next few months because respondents are "currently just waiting for Vietnam to issue the travel documents in order to schedule removal." (Id. (quoting Answer at 2))  The district court found that respondents do not represent that Vietnam has confirmed that it will issue travel documents for petitioner and there is no evidence before the court suggesting as much.  (Id.)  Having considered the circumstances of petitioner's detention and the parties' arguments, the district court found persuasive its prior order in Artemenko v. Warden of Golden State Annex, No. 1:25-cv-01943 DAD AC, 2026 WL 523670 (E.D. Cal. Feb. 25, 2026), where the court held that the petitioner who was detained more than six months during the post-removal period was entitled to be immediately released because the government's general representations about requested travel documents remaining pending with the country of removal were insufficient to carry its burden of establishing that petitioner's removal was reasonably foreseeable.  (Id.)  The district court found that in the instant action, respondents conceded that petitioner had been detained in post-removal proceedings longer than the basis for their stated belief that travel documents will issue soon.  (Id.)  The district court found that these vague representations were insufficient to sustain respondents' burden.  (Id.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge.  (Id.)  The district court referred this action to the undersigned for further proceedings.  (Id.)

On March 6, 2026, this Court granted petitioner 7 days to file a response to the answer. (ECF No. 9.)  Petitioner did not file a response to the answer, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by detaining him for longer than six months when his removal is

not likely to occur in the reasonably foreseeable future (claim one).  See Artemenko, 2026 WL 523670, at *2-3.  Because the resolution of claim one provides the relief requested, the Court need not reach claims two, three and four.  The Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner absent constitutional protections, which include at a minimum, compliance with the requirement of 8 C.F.R. § 241.13(i) for revocation.

**III.     MOTION TO DISMISS**

Petitioner named as respondents Warden of the Golden State Detention Facility, Attorney General of the United States Pamela Bondi, Secretary of Department of Homeland Security Noem and Acting ICE Director Lyons.  (ECF No. 1 at 1.)  Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the Golden State Detention Facility.  (ECF No. 6.)  Respondents argue the immediate custodian is the proper respondent when core habeas relief is sought.  (Id. at 2.)  Because this Court recommends that respondents be enjoined and restrained from re-detaining petitioner absent constitutional protections, this Court finds that dismissal of non-custodians is inappropriate.  See Osoria v Warden of the Cal. City Det. Ctr., No. 1:26-cv-01528 KES EPG (HC), 2026 WL 747297, at *1-2 (E.D. Cal. Mar. 17, 2026), findings and recommendations adopted, 2026 WL 947105 (E.D. Cal. Apr. 8, 2026) (finding that non-custodian respondents were properly joined in a habeas petition to permit enjoining future re-detention).  Accordingly respondents' motion to dismiss should be denied.

**IV.     CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. Respondents' motion to dismiss (ECF No. 6) be DENIED.

3. A permanent injunction be issued enjoining and restraining respondents from re detaining petitioner Lam Thanh Dang (A-025-025-825) absent constitutional protections, which include at a minimum, compliance with the requirement of 8 C.F.R. § 241.13(i) for revocation.

4. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Dang597.imm.157/2